NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 29 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELIZABETH TURNER, | No. 25-5311 |
| Plaintiff - Appellant, | D.C. No. 3:25-cv-00409-SB |
| v. | MEMORANDUM* |
| STATE OF OREGON, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Amy M. Baggio, District Judge, Presiding

Submitted June 22, 2026**

Before:    CANBY, BENNETT, and BADE, Circuit Judges.

Elizabeth Turner appeals pro se from the district court's order staying her 42

U.S.C. § 1983 action alleging various claims in connection with ongoing state

criminal proceedings.  We have jurisdiction under 28 U.S.C. § 1291.  We review

de novo the district court's abstention determination under *Younger v. Harris*, 401

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S. 37 (1971). *Bean v. Matteucci*, 986 F.3d 1128, 1132 (9th Cir. 2021). We affirm.

The district court properly stayed Turner's action under the *Younger* abstention doctrine because federal courts are required to abstain from interfering with pending state judicial proceedings where the federal action would have the practical effect of enjoining the state judicial proceeding, and Turner failed to show that an exception to *Younger* applies. *See id.* at 1133 (setting forth requirements for *Younger* abstention); *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 617, 621 (9th Cir. 2003) (setting forth exceptions to *Younger* abstention; a claimed constitutional violation "does not, by itself, constitute an exception to the application of *Younger* abstention").

The district court did not err by denying as moot Turner's motion for pro bono counsel after staying the action.

We reject as unsupported by the record Turner's contentions that the magistrate judge was biased against Turner.

All pending motions and requests are denied.

**AFFIRMED.**